UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAMAR CHRISTOPHER CHAPMAN, III, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-0368 (UNA) |
| JAMES C. DUFF, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff alleges he is the victim of "vindictive persecution," Compl. at 2, and "has been unconstitutionally held in some form of unlawful federal custody since 1991," *id.*; *see, e.g., id.* ¶ 52 (alleging plaintiff "has been falsely imprisoned three-times by defunct, and vengeful Federal Judges"). As best the Court can tell, the complaint alleges violations of the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution for which Plaintiff demands monetary damages.

Insofar as Plaintiff demands damages for an allegedly unlawful criminal conviction and sentence, his claim is premature. The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Plaintiff does not demonstrate that his convictions or sentences have been reversed or otherwise invalidated, and, therefore, his claim

for damages fails.  *See, e.g.*, *Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010) (per curiam); *see also Williams v. Hill*, 74 F.3d 1339 (D.C. Cir. 1996) (per curiam) ("The rationale of *Heck* applies equally to claims against federal officials in . . . actions" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971)).

Plaintiff cannot avoid *Heck*'s application by proceeding under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671–80, which operates as a limited waiver of sovereign immunity which renders the United States amenable to suit for certain, but not all, tort claims, *see, e.g.*, *Richards v. United States*, 369 U.S. 1, 6 (1962).  The United States "has not rendered itself liable under the FTCA for constitutional tort claims."  *Johnson*, 2010 WL 4340344, at *1 (quoting *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)) (brackets omitted); *see Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 208 (D.D.C. 2007) ("Absent a showing that plaintiff's conviction or sentence has been overturned or declared invalid, then, he cannot recover damages under the FTCA."); *see also Parris v. United States*, 45 F.3d 383, 385 (10th Cir.) (reasoning that "[t]he FTCA like [42 U.S.C.] § 1983, creates liability for certain torts committed by government officials.  As such, we conclude the same common law principles that informed the Supreme Court's decision in *Heck* should inform the decision of whether an action under the FTCA is cognizable when it calls into question the validity of a prior conviction."), *cert. denied*, 514 U.S. 1120 (1995).  Plaintiff is no more successful in pursuing a defamation claim, *see, e.g.*, Compl. ¶¶ 78-79, as such a claim is excluded from the FTCA's limited waiver of the United States' sovereign immunity.  *See* 28 U.S.C. § 2680(h) (stating FTCA "shall not apply to . . . [a]ny claim arising out of . . . libel [or] slander").

The federal judges plaintiff sues, *see* Compl. ¶ 54, are protected by absolute judicial immunity from suit for monetary damages. *See, e.g.*, *Caldwell v. Kagan*, 455 F. App'x 1 (D.C. Cir. 2011) (per curiam) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988) and *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)); *Smith v. Scalia*, 44 F. Supp. 3d 28, 41 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015).

Lastly, because the complaint's allegations are so vague and conclusory, it does not appear that plaintiff has stated a viable claim against any other named defendant. It is unclear how, for example, the Administrative Office for the United States Courts and its former Directors could have, or actually did, manage to violate plaintiff's constitutional rights, as these defendants are not alleged to have had a role in plaintiff's criminal cases.

The Court dismisses the complaint in its entirety, grants plaintiff leave to proceed *in forma pauperis* (ECF No. 2) and to use a Post Office Box as his mailing address (ECF No. 5), and denies as moot plaintiff's motion to substitute judge (ECF No. 5). An Order is issued separately.

DATE: April 29, 2025               /s/
                                   JAMES E. BOASBERG
                                   Chief Judge